IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**KARLOS MARQUETT BOOKER**                                                    **PETITIONER**

v.                                  NO. 2:24-cv-00101-BSM-PSH

**CHAD GARRETT, Warden,**                                                     **RESPONDENT**
**FCI Forrest City**

<u>FINDINGS AND RECOMMENDATION</u>

<u>INSTRUCTIONS</u>

The following Recommendation has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Petitioner Karlos Marquett Booker ("Booker") began this case by filing a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. 2241. He failed, though, to accompany his petition with the five dollar filing fee or an application to proceed in forma pauperis. He was notified of his oversight and given an opportunity to correct it by either paying the filing fee or filing an application to proceed in forma pauperis.[1] He was also notified of his obligation to comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Arkansas. He was specifically directed to Local Rule 5.5(c)(2), which provides the following:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

---

[1] The Clerk of the Court was directed to send, and did in fact send, Booker the documents necessary to file an application to proceed in forma pauperis.

Booker thereafter filed a motion for leave to proceed in forma pauperis. In the motion, an authorized officer at Booker's place of incarceration represented the following: (1) during the past six months, Booker's average of monthly deposits was $667.42; (2) during the past six months, his average balance was $40.87; and (3) his current account balance is $10.72.

The undersigned reviewed the motion for leave to proceed in forma pauperis and found that Booker has the means to pay the filing fee. His motion was therefore denied, and he was given up to, and including, August 2, 2024, to pay the filing fee. He was warned that in the event he failed to pay the filing fee by the close of business on August 2, 2024, the undersigned would recommend that this case be dismissed without prejudice.

August 2, 2024, has now come and gone, and the Clerk of the Court has no record of Booker having paid the filing fee. Although the filing fee is not a significant amount of money, it must be paid before this case can proceed. Given Booker's failure to pay the filing fee, and his failure to comply with Local Rule 5.5(c)(2), it is recommended that this case be dismissed without prejudice. The Clerk of the Court should be directed to close this case.

DATED this 19th day of August, 2024.

                                                _____
                                                UNITED STATES MAGISTRATE JUDGE